IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL BLOYER,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                    13-cv-828-wmc

KTM NORTH AMERICA, KTM
SPORTMOTORCYCLE AG, and BREMBO
S.P.A.,

                        Defendants,


BREMBO S.P.A.,

                        Cross-Claimant,

        v.

KTM NORTH AMERICA, and KTM
SPORTMOTORCYCLE,

                        Cross-Defendants,


BREMBO S.P.A.,

                        Third Party Plaintiff,

        v.

COUNTY CYCLE PITSTOP, L.L.C., JOHNEY
ROYER, and RPA OFFROAD L.L.P.,

                        Third Party Defendants,


RPA OFFROAD L.L.P.,

                        Cross-Claimant,

        v.

COUNTY CYCLE PITSTOP, L.L.C. and
JOHNEY ROYER,

                        Defendants.

Before the court is cross-defendant KTM North America, Inc.'s motion to dismiss Brembo S.p.A.'s cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #36.) KTM North America also seeks attorney's fees incurred in bringing this motion on the basis that Brembo's refusal to withdraw its cross-claim constitutes bad faith. For the reasons that follow, the court will grant KTM North America's motion but will deny its request for attorney's fees.

BACKGROUND

Plaintiff Paul Bloyer asserts negligence and strict liability claims against defendants KTM North America, KTM Sportmotorcycle AG, and Brembo S.p.A. and seeks recovery for injuries sustained in an August 2011 accident while Bloyer was riding his 2012 KTM 30XCW. (Compl. (dkt. #1).)[1] The KTM defendants allegedly designed, manufactured and sold the motorcycle at issue, while Brembo allegedly designed, manufactured and sold the motorcycle brake components. (*Id.* at ¶¶ 8-9.) Brembo filed a cross-claim against its co-defendants KTM North America and KTM Sportmotorcycle AG for contribution. (Dkt. #11.) On May 1, 2014, KTM North America settled plaintiff Paul Bloyer's claim in exchange for a release consistent with *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963).

---

[1] The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of Wisconsin; KTM North America, Inc. is a citizen of Ohio; KTM Sportmotorcycle AG is a citizen of Austria; and Brembo S.p.A. is a citizen of Italy. (Compl. (dkt. #1) ¶¶ 4-7.) The amount in controversy exceeds $75,000. (*Id.* at pp.10-11.)

OPINION

KTM North America ("KTM") seeks to dismiss Brembo's cross-claim on the basis of its *Pierringer* release from Bloyer.  "A *Pierringer* release operates to impute to the settling plaintiff whatever liability in contribution the settling defendant may have to nonsettling defendants and to bar subsequent contribution actions the non-settling defendants might assert against the settling defendants."  *VanCleve v. City of Marinette*, 2002 WI App 10, ¶ 22, 250 Wis. 2d 121, 639 N.W.2d 792 (citing *Pierringer*, 21 Wis. 2d at 193, 124 N.W.2d 106).  In order to be effective, a *Pierringer* agreement must contain the following elements: "(1) complete release of the settling defendant by the plaintiff; (2) the plaintiff's express reservation for claims against any remaining and non-settling defendants; and (3) the plaintiff must agree to indemnify the settling defendant against claims for contribution or indemnification."  *Tudjan ex rel. Tudjan v. Wisconsin Dept. of Health and Family Services*, 2008 WL 3905677, at *2 (E.D. Wis. Aug. 19, 2008).

In its brief, KTM represents that all of the required elements for an effective *Pierringer* release are met, but did not attach the actual settlement agreement to its motion consistent with the agreement's confidentiality provisions.  Specifically, KTM was concerned that any disclosure would potentially waive its confidential nature. (KTM's Br. (dkt. #37) 4.)  Instead, KTM moved to submit the agreement for *in camera* review.  (*Id.*; *see also* Mot. for In Camera Review (dkt. #38).)  The court granted KTM's request (dkt. #43), and KTM subsequently filed the agreement *ex parte* (dkt. #44).  Having reviewed the agreement, the court agrees that it meets the requirements of a *Pierringer* release.  First, the settlement releases "any and all claims of [Bloyer] that were

or could have been asserted against [the KTM defendants]." (Dkt. #44 at ¶ 1.)  Second, the settlement agreement reserves Bloyer's claims against "any persons or parties not herein specifically released." (*Id.* at ¶ 2)  Third, and most important, Bloyer agrees to "forever protect[] [the KTM defendants] against any and all claims for contribution or liability of others to the Claimant arising out of said accident and the consequences thereof." (*Id.*; *see also id.* at ¶ 3 (also covering any claims for indemnification).)[2]

Brembo's sole opposition to the motion to dismiss was a technical one, arguing that KTM should have provided a redacted version of the settlement agreement for its review.  Both sides claim bad faith on the part of its opponent and seek attorney's fees for having to bring or respond to that motion.  The court finds no bad faith on the part of Brembo in demanding to see the relevant language before agreeing to dismissal of its cross-claim.  Brembo's position was reasonable, even if its apparent failure to work the issue out with plaintiff's counsel may not have been.

Moreover, the court is now satisfied, having reviewed the relevant language, that the agreement meets the requirements of *Pierringer* and sees no need to release the agreement itself nor to have Brembo weigh in further on whether the settlement agreement contains a valid *Pierringer* release.

---

[2] While KTM Sportmotorcycle AG did not file a motion to dismiss Brembo's cross-claim, the court notes that the KTM Sportmotorcycle is also bound by the agreement and the *Pierringer* release applies equally to it.  Accordingly, the court will also dismiss *sua sponte* Brembo's cross-claim against KTM Sportmotorcyle.  *See VanCleve,* 2002 WI App 10, ¶ 30 (finding that the *Peirringer* release required dismissal of the defendant from the lawsuit and "effectively dismissed" the co-defendant's cross-claim against the settling defendant).

4

Finally, while KTM's refusal to provide a redacted version of the settlement agreement, or at least an excerpt of the relevant provision was overly cautious, *either* side to this dispute could have sought the same information (or at least stipulation as to the legal impact of the agreement) from plaintiff's counsel.  Accordingly, the court finds no basis for awarding attorney's fees to Brembo for KTM's failure to do so any more than it does for Brembo's failure.  In the end, both side's punishment will be the cost of their own attorney's fees for a pointless and ultimately easily resolvable dispute.

ORDER

IT IS ORDERED that Defendant KTM North America's motion to dismiss Brembo, S.p.A.'s cross-claim against defendants KTM North American and KTM Sportmotorcycle AG (dkt. #36) is GRANTED and any negligence assigned to these defendants during the course of this lawsuit will be the legal responsibilities of the plaintiff Paul Bloyer.

Entered this 27th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge