IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL BLOYER,

                Plaintiff,                      ORDER

v.

                                              13-cv-828-wmc

KTM NORTH AMERICA, KTM
SPORTMOTORCYCLE AG, and BREMBO
S.P.A.,

                Defendants,

BREMBO S.P.A.,

                Third Party Plaintiff,

v.

COUNTY CYCLE PITSTOP, L.L.C., and
RPA OFFROAD L.L.P.,

                Third Party Defendants,

RPA OFFROAD L.L.P.,

                Cross-Claimant,

v.

COUNTY CYCLE PITSTOP, L.L.C.,

                Cross-Claim Defendant.

---

      The court is in receipt of third party defendant RPA Offroad L.L.P.'s motion to compel discovery and amend the scheduling order or, alternatively, for summary judgment. (Dkt. #71.) The motion is directed to both plaintiff Paul Bloyer and third-

party plaintiff Brembo S.p.A.  The clerk's office set a one-week deadline for responding to the motion of March 3, 2015.[1]  Both Bloyer and Brembo failed to respond timely.

Perhaps realizing the precariousness of Bloyer's position, his new counsel filed plaintiff's own motion for a continuance today, suggesting three reasons to excuse the complete failure to respond to long overdue discovery requests, all of which the court rejects. (Pl.'s Mot. for Continuance (dkt. #77).)[2]  First, plaintiff argues that his new counsel was retained just one day before RPA Offroad filed its motion to compel.  This excuse is meaningless given that Bloyer had been warned some two months ago when his prior counsel was allowed to withdraw that he should promptly retain new counsel and regardless would have to adhere to all impending deadlines.  (1/27/15 Order (dkt. #68) 2.)

Second, plaintiff argues that his delay in responding to discovery was because of the parties' failure to stipulate to entry of a protective order.  This basis has only slightly more merit than the first excuse.  As an initial matter, plaintiff offers no explanation for the parties' failure to enter into a basic protective order sooner or plaintiff's failure to unilaterally move for such an order, rather than completely ignore his discovery obligations.  More importantly, Bloyer does not explain his failure to provide non-privileged written responses to discovery or produce *any* responsive documents, while holding back or redacting documents that would have been subject to a protective order.

---

[1] Because RPA Offroad L.L.P. filed a *single* document containing both the discovery motions and the motion for summary judgment, a single one-week response deadline was set.  The court, therefore, amends the briefing schedule on the motion for summary judgment as reflected in the order below.

[2] Brembo *still* has not responded to the motion to compel.

Finally, Bloyer represents that the protective order is now in place, and therefore is no reason for any additional delay.

Third, Bloyer contends that RPA Offroad's counsel failed to meet and confer. While this argument might normally have some traction, the difficulty in meeting and conferring is attributable in part, if not substantial part, to Bloyer's being between counsel during much of the time RPA Offroad attempted to obtain discovery and was preparing its motion. In any event, Bloyer's complete failure to respond to RPA Offroad's discovery requests has gone on far too long.[3]

Accordingly,

ORDER

IT IS ORDERED that:

1) RPA Offroad L.L.P.'s motion to compel discovery and amend the scheduling order or, alternatively, for summary judgment (dkt. #71) is GRANTED IN PART AND RESERVED IN PART as follows:

   a) The motion to compel is GRANTED.

      i. Bloyer has until March 19, 2015, to file: a certification with this court indicating that he has fully complied by serving written discovery responses and producing all responsive documents (or originals for inspection); *or* a brief explaining why sanctions should not be entered against him for failure to prosecute, including dismissal of his action against Brembo.

---

[3] Bloyer represents in his motion today that Brembo and Bloyer had agreed separately to extend their expert witness disclosures. While the preliminary pretrial conference order provides that "[t]he parties may agree between themselves to modify these deadlines and procedures" (Prelim. Pretrial Conf. Order (dkt. #22) ¶ 2), normally this would require an agreement by *all* parties. Regardless, any agreed-upon extension between Brembo and Bloyer does not affect Brembo's obligations as to its third-party claim against RPA Offroad.

    ii. Brembo has until March 19, 2015, to file: a certification with this court indicating that it has produced copies of all responsive documents (or originals for inspection); *or* a brief explaining why sanctions should not be entered against it for failure to prosecute, including dismissal of its action against RPA Offroad L.L.P.

b) The motion to amend the preliminary pretrial scheduling order is GRANTED. RPA Offroad L.L.P. may have until March 30, 2015, to disclose "respondent expert witnesses." If RPA Offroad names any experts by this deadline, Brembo may have until April 20, 2015, to disclose "rebuttal expert witnesses."

c) The motion for summary judgment is RESERVED, and the court sets the following briefing schedule on that motion:

    i. Brembo and Bloyer's respective oppositions to that motion are due on or before March 18, 2015.

    ii. RPA Offroad L.L.P.'s reply, if any, is due on or before March 28, 2015.

2) Plaintiff Paul Bloyer's motion for continuance (dkt. #77) is DENIED.

Entered this 5th day of March, 2015.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge